IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSIE BADGER, individually and on )
behalf of all others similarly situated, )
          Plaintiff, )
           )
vs )   Civil Action No. 16-1431
           )
PREIT ASSOCIATES, LP, )
          Defendant. )

**ORDER**

AND NOW, this 17th day of February, 2017, after the Plaintiff, Josie Badger, filed the above-captioned civil action, and after a Motion to Dismiss was filed by the Defendant, PREIT Associates, LP, and after a Report and Recommendation (ECF No. 19) ("R&R") was filed by the United States Magistrate Judge granting the parties a period of time after being served with a copy of the R&R to file written objections thereto, and upon consideration of the objections filed by the Defendant and the response to those objections filed by the Plaintiff, and upon this Court's *de novo* review of the Motion to Dismis and the record upon the docket, and upon consideration of the Magistrate Judge's R&R, which is adopted as the Opinion of this Court, as modified by this Order[1],

---

[1] The Court concludes that the R&R's analysis of the standing issue asserted by the Defendant in the Motion to Dismiss appropriately addresses the matters raised in such regards given the allegations of the Complaint, R&R at 7-12, and that in these circumstances, the R&R appropriately concluded that the "four factor" analysis described in *Anderson v. Macy's, Inc.*, 943 F. Supp. 2d 531, 538 (W.D. Pa. 2013) is a non-exclusive mode of analyzing those issues in a given case. The R&R's consideration of the "intent to return" and "deterrent effect" tests was an appropriate analytical tool for the consideration of the Defendant's Motion to Dismiss on such grounds, and the R&R will be adopted as the Opinion of the Court. Further, from this Court's perspective, to the extent the Defendant's Motion sought to limit the scope of discovery as part of the relief sought in its Motion to Dismiss, the Magistrate Judge properly denied such relief as part of disposition of the Motion to Dismiss. Matters involving the scope and timing of permitted discovery under Fed. R. Civ. P. 26 are of course appropriate for consideration and disposition as part of the overall case management process, and may be further addressed by the Court at that juncture.

IT IS ORDERED that Defendant's Motion to Dismiss (ECF No. 8) is denied without prejudice, and its Motion for Oral Argument (ECF No. 14) is denied.

_____
Mark R. Hornak
United States District Judge